```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x

  SHAWN O. SMITH II,

                        Plaintiff,              MEMORANDUM & ORDER
                                                 24-CV-3033(EK)(CLP)

          -against-

  NICHOLAS J. PALOS, JENNIFER L.
  CASTALDI, JESSICA SIN, NEW YORK STATE
  OTDA, NEW YORK STATE DEPARTMENT OF
  MOTOR VEHICLES, and UNITED STATES
  DEPARTMENT OF STATE,

                        Defendants.

---------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Shawn O. Smith II filed this suit against the United States Department of State, two New York State government entities, and three Support Magistrates from the Kings County Family Court. Proceeding *pro se*, he asserts claims pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"). He alleges that the defendants violated his constitutional rights with respect to child support payments ordered by the Family Court. Smith's request to proceed *in forma pauperis* is granted for the limited purpose of this motion. However, the complaint is dismissed for failure to state a claim.

### I.  Background

Smith filed the present suit in response to child support payments levied by the Kings County Family Court and executed via a tax warrant. The payments were imposed "over two periods (from November 2, 2020, to May 9, 2022, and again in 2023) with a total amount involved being $8,368.47 initially and approximately $70,000 later." Compl. 5, ECF No. 1. Smith alleges that "[t]hese levies were implemented without due process [and] trial by peers" in violation of his due process rights. *Id.* As such, Smith pleads, he has been "compelled to labor despite being a protected class under the [ADA]." *Id.* at 5. He does not specify what protected class he belongs to, although he notes elsewhere that, because of the defendants' actions, he suffers from "PTSD, anxiety, and depression." *Id.* at 6.

The complaint is otherwise largely devoid of factual allegations. In his motion for leave to proceed *in forma pauperis*, Smith states that a child "was assigned as [his] dependent by an extrajudicial court employee without a contract or [his] consent." ECF No. 2, at 2. He seeks $1 million in damages from each defendant, as well as unspecified declaratory and injunctive relief. Compl. 6.

### II.  Legal Standard

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v.*

2

*Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1]  At the pleading stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010).  But the Court need not accept "legal conclusions" as true.  *Iqbal*, 556 U.S. at 678.

A *pro se* complaint like Smith's must be held to "less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019).  Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).  And a district court must dismiss an *in forma pauperis* action when it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

### III. Discussion

**A.   The Support Magistrates Are Judicially Immune**

Smith asserts claims for monetary damages and injunctive relief against the Support Magistrates for "Actions Taken by the Court," namely child support orders.  Compl. 5. But the Support Magistrates are immune from suit.

The doctrine of judicial immunity bars damages suits against judges for any actions taken within the scope of their judicial responsibilities.  *Mireles v. Waco*, 502 U.S. 9, 9-11 (1991).  This doctrine applies to Family Court Support Magistrates, who "enjoy . . . judicial immunity, when presiding over child support proceedings."  *Cora v. Wright*, No. 24-CV-263, 2024 WL 450247, at *2 (S.D.N.Y. Feb. 5, 2024); *see also Chris H. v. New York*, 764 F. App'x 53, 55 (2d Cir. 2019).  Further, the plain text of Section 1983 bars suits against judicial officers for injunctive relief.  42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.").

Here, Smith alleges no facts showing that any of the Support Magistrates acted beyond the scope of their judicial responsibilities, that a declaratory decree was violated, or that declaratory relief was unavailable.  As such, judicial

4

immunity applies, and Smith's claims against the Support Magistrates are barred.[2]

**B.   The Government Agencies Are Also Immune**

Smith also names three government agencies as defendants, although the complaint includes no specific factual allegations as to any of them.  In any event, the agencies — the New York State Office of Temporary and Disability Assistance ("OTDA"), the New York State Department of Motor Vehicles ("DMV"), and the United States Department of State — are all entitled to sovereign immunity.

Start with the state agencies.  Smith's claim against the DMV "is clearly barred by the Eleventh Amendment because the DMV is a state agency." *Feingold v. State of New York*, 366 F.3d 138, 149 (2d Cir. 2004).  The same is true of the OTDA, which is "an agency of the State of New York and, accordingly, enjoys Eleventh Amendment immunity." *Greenidge v. NYS Office of Temporary and Disability Assistance*, No. 15-CV-5747, 2015 WL 6756188, at *3 (E.D.N.Y. Nov. 4, 2015) (citing cases).

---

[2] To the extent that the "injunctive relief" sought by Smith includes a request to modify his support payments or award custody of a child, the Court must abstain from exercising jurisdiction over his claim.  It is well settled that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890).  So, a federal court should "generally decline jurisdiction" when "asked to grant a divorce or annulment, determine support payments, or award custody of a child . . . ." *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990).

The United States Department of State is likewise entitled to sovereign immunity. "Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). The United States has not waived immunity from Section 1983 claims, and as such is immune from Smith's constitutional tort claims. *Perez v. Hawk*, 302 F. Supp. 2d 9, 18 (E.D.N.Y. 2004). To the extent the Court liberally construes Smith's claim as a *Bivens* claim, *see* Compl. 4-5, sovereign immunity also bars that claim against the State Department. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69 (2001) ("[T]he purpose of *Bivens* is to deter the *officer*, not the agency.").

Smith's claims against the government agencies are therefore dismissed.

**IV. Conclusion**

For the foregoing reasons, Smith's complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore denies in forma pauperis status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to mail a copy of

6

this Memorandum and Order to Smith, to note the mailing on the docket, and to close this case.

    SO ORDERED.

                                      /s/ Eric Komitee
                                    ERIC KOMITEE
                                    United States District Judge

Dated:    July 29, 2025
            Brooklyn, New York